**SO ORDERED: May 25, 2006.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Faith D. Barrient and | ) | Case No.  05-93138-BHL-11 |
| James M. Barrient, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| PNC Bank, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.  05-9084 |
| | ) | |
| Faith D. Barrient, James M. Barrient, | ) | |
| Thomas Van Cader, and | ) | |
| Jennifer Van Cader, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

This matter comes before the Court on the **Complaint to Avoid Fraudulent Transfer** filed

by PNC Bank, N.A. ("PNC") on December 6, 2005, and PNC's **Motion for Summary Judgment**

filed March 8, 2006. Jennifer and Thomas Van Cader (the "Van Caders") filed their **Answer to Complaint to Avoid Fraudulent Transfer** on January 16, 2006, and their **Response to Plaintiff's Motion for Summary Judgment** on March 30, 2006. Faith D. and James M. Barrient (the "Barrients") filed their **Answer to Complaint to Avoid Fraudulent Transfer** on February 14, 2006, and their **Response to Plaintiff's Motion for Summary Judgment** and an amendment thereto on April 3 and 5, 2006, respectively.

PNC alleges that the Barrients sold a house to their daughter and son-in-law, the Van Caders, and that that transaction is a fraudulent conveyance within the meaning of 11 U.S.C. §§ 544(b) or 548(a). Accordingly, PNC brought this adversary proceeding to avoid the sale and to compel the return of the property or its value to the bankruptcy estate. Before reaching the merits of the substance of PNC's allegations, however, let alone the question of summary judgment, the Court must address the question of PNC's standing to bring this action.

Both sections 544(b) and 548(a) vest rights to pursue fraudulent transfers in the trustee. Section 1107(a) grants to a chapter 11 debtor in possession, with limited exceptions, those same rights. If no trustee has been appointed, however, and the debtor in possession is not inclined to pursue a fraudulent transfer action due to, for instance, a conflict of interest, a creditors' committee, if one has been appointed, or, if not, an individual creditor, may be given permission by the court to pursue such an action so long as its success is likely and the prospective recovery is sufficiently significant to warrant the action. *See*, *William B. Tanner Co., Inc. v. United States*, 642 F.2d 200 (6th Cir. 1981). In any event, prior permission of the court is absolutely necessary for any party other than the trustee or debtor in possession to commence a fraudulent transfer action. In *Matter of Vireous Steel Products Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990) (internal citations omitted)*,* the

Seventh Circuit Court of Appeals held that "An unsecured creditor has no standing without first obtaining special authorization from the court. Absent court permission, creditors are without authority to pursue a claim of fraudulent conveyance, ... , or to enforce the trustee's strong arm powers under section 544."

PNC has not sought the Court's permission to assume the role the bankruptcy code allocates to the trustee or the debtor in possession to pursue an action under either 544(b) or 548(a).[1] Therefore, because PNC lacks standing to bring this action, the Court does not have to decide if the complained of transaction is vulnerable under either 544(b) or 548(a), as the right to invoke these provisions belongs not to a particular unsecured creditor, such as PNC, but to the trustee or the debtor in possession as the representative of all the unsecured creditors. *See, In the Matter of Xonics Photochemical, Inc.*, 841 F.2d 198, 202 (7th Cir. 1988).

Accordingly, the Court finds that the case should be, and hereby is **DISMISSED**.

###

Distribution:
Counsel for PNC
Counsel for the Van Caders
James D. and Faith M. Barrient
United States Trustee

---

[1] The Court notes that PNC has, in this case, previously sought and won the appointment of a trustee for the limited purpose of selling property of the debtor in which PNC held a security interest.