**SO ORDERED: December 18, 2007.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| JAMES M. BARRIENT & | ) | |
| FAITH DEBORAH BARRIENT, | ) | Bankruptcy Case No. 05-93138-BHL-7A |
|     Debtors. | ) | |
| _____ | ) | |
| PNC BANK NA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 05-09084 |
| | ) | |
| JAMES M. BARRIENT, | ) | |
| FAITH DEBORAH BARRIENT, et al, | ) | |
|     Defendants. | ) | |

**JUDGMENT**

This matter came before the Court for trial on November 30, 2007, on the Plaintiff's **Complaint to Avoid Fraudulent Transfer** which was filed on December 6, 2005. Based upon the pleadings filed of record in this proceeding, the evidence presented at trial and weighing the credibility of the witnesses, the Court now makes the following Findings of Fact:

1

1. The Plaintiff, PNC Bank, National Association ("PNC Bank") is a creditor of the estate of the Defendants, James M. Barrient and Faith D. Barrient ("Barrients"). PNC Bank is the holder of several promissory notes either in the name of, or guaranteed by, the Barrients. The promissory notes are of differing amounts and are dated April 10, 1998, April 2, 1999, February 26, 2002, and March 4, 2003 [Schedule D of Barrients' petition, dkt #30 of the core proceeding and PNC Bank's Motion for Relief from Stay, dkt #7 of the core proceeding].

2. Jennifer Van Cader is the daughter of Faith D. Barrient and the step-daughter of James M. Barrient. Jennifer Van Cader is married to Thomas Van Cader ("Van Caders").

3. On or about August 11, 1995, the Barrients purchased real property located in Clark County, Indiana, commonly known as:

> 1833 Valley Vista
> Borden, Indiana 47106

The purchase price of the subject property was $155,000.00.

4. The Barrients made a down payment of $31,000.00, using Certificates of Deposit in Jennifer L. Herron's (n/k/a Jennifer L. Van Cader) name [Van Cader Exhibit 4].

5. Jennifer Van Cader moved into the house located on the subject property in August of 1995, and resides there to this day.

6. From 1996 to 2003, the Barrients received no payments from the Van Caders towards the purchase price of the property. During that time, the Barrients treated the subject property as rental property for tax purposes, claiming deductions for repairs done and depreciating its value on their tax returns [Plaintiff's Exhibit 5].

7. According to the testimony of Faith Barrient in 2004, but prior to June 11, the Internal

Revenue Service ("IRS") issued a Jeopardy Assessment against the Barrients claiming a payment deficiency of approximately $2 million. The IRS placed a levy on James Barrient's accounts, at which time PNC accelerated the due date on all notes with outstanding debt.

8. Between March 10, 2004 and June 11, 2004, the Van Caders paid off credit card bills totaling $43,344.00 at the request of, and for the benefit of, the Barrients [Van Cader Exhibit 8].

9. After receiving the payments totaling $43,344.00, the Barrients transferred the subject property to the Van Caders on June 11, 2004 [Plaintiff's Exhibit 3].

10. The most recent financial statement of the Barrients offered into evidence list the market value of the property at Two Hundred Fifty-Four Thousand dollars ($254,000.00) as of December 31, 2002 [Plaintiff's Exhibit 2]. Jennifer Van Cader testified that the value of the residence is currently Two Hundred Thousand dollars ($200,000.00) and the Court finds her testimony to be the most credible evidence as to value.

11. On August 8, 2005, the Barrients filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The case was converted to a Chapter 7 on October 13, 2006.

12. On September 12, 2007, PNC Bank purchased the cause of action to set aside the transfer of the subject property from the Barrients to the Van Caders. That sale was approved by this Court on October 26, 2007, thereby allowing PNC Bank to pursue this cause of action in place of the trustee.

Conclusions of Law

11 U.S.C. § 544(b)(1) allows the trustee to avoid the transfer of a debtor's interest in property that is voidable under applicable state law. The applicable state law in the present matter is the Indiana Uniform Fraudulent Transfer Act. Specifically, I.C. 32-18-2-15 *Fraudulent*

*Transfers and Obligations – Claims Arising Before Transfer or Obligation*, which states in relevant part:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:
> (1) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and
> (2) the debtor:
>     (A) was insolvent at that time; or
>     (B) became insolvent as a result of the transfer or obligation.

As noted above, PNC Bank, a creditor whose claim arose before the transfer was made, purchased the right to pursue this cause of action in place of the trustee. Therefore PNC Bank, acting as the trustee in this case, has standing to pursue this cause of action under 11 U.S.C. § 544(b)(1). It has the burden to show, by the preponderance of the evidence, that the Barrients did not receive reasonably equivalent value in exchange for the transfer and that they were either insolvent at the time or made insolvent because of the transfer.

    At trial, the Barrients could show receipt of only $74,344.00 from the Van Caders. The value given was less than half of the 1995 purchase price, and far less than half of the value of the property in 2004. Based on the lack of credible evidence of any other payments, it is the conclusion of this Court that the Barrients did not receive reasonably equivalent value in exchange for the transfer of the subject property.

    According to their Summary of Schedules mentioned above, the Barrients were insolvent by almost $700,000.00 in 2005. This Summary fails to account for the IRS' 2004 Jeopardy Assessment, which placed an additional liability on the Barrients in excess of $2 million. Based on the foregoing, it is the conclusion of this Court that the Barrients were insolvent at the time of the June 11, 2004 transfer.

The Van Caders have provided evidence of good faith payments in the amount of $74,344.00 toward the purchase of the subject property. Although this is not enough to conclude that a reasonably equivalent value was given for the property, it does not leave them without some recourse. I.C. 32-18-2-18 *Voidability of Transfers* states in relevant part:

> . . .
> (d) Notwithstanding voidability of a transfer or an obligation under this chapter, a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:
>     (1) a lien on or right to retain any interest in the asset transferred;
>     (2) enforcement of any obligation incurred; or
>     (3) a reduction in the amount of the liability on the judgment.

Under I.C. 32-18-2-18(d)(1), the Van Caders are entitled to a lien on the subject property for the amount paid in good faith.

Based on the foregoing, the Court finds that the Barrients made a fraudulent transfer of the subject property in violation of I.C. 32-18-2-15, made applicable through 11 U.S.C. § 544(b)(1). The Court also finds that the Van Caders made good faith payments towards the purchase of the subject property totaling $74,344.00. It is therefore:

ORDERED that the transfer of the property from the Barrients to the Van Caders is avoided pursuant to 11 U.S.C. § 544(b)(1) of the Bankruptcy Code. It is further Ordered that pursuant to 11 U.S.C. § 550, that PNC Bank (on behalf of the trustee) recover the property for the benefit of the estate, subject to a lien in favor of Thomas and Jennifer Van Cader in the amount of Seventy-Four Thousand Three Hundred and Forty-Four dollars ($74,344.00). In the alternative, the Court Orders the Van Caders pay to the estate the balance remaining between the fair market value of the property ($200,000.00) and the amount of their lien ($74,344.00) or One Hundred Twenty-Five Thousand Six Hundred and Fifty-Six Dollars ($125,656.00) within sixty

(60) days of the date of this order.

SO ORDERED this 18th day of December, 2007.

# # #

Distribution to all counsel.